### Vanhoose v. Commonwealth.

October 3, 1950.

James W. Turner, Judge.

W. J. Ward for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE KNIGHT—Reversing.

Appellant was convicted under an indictment charging him with the crime of malicious shooting at, without wounding, another with intent to kill and his punishment fixed at two years in the penitentiary. He appeals from that judgment listing several grounds for reversal but urging in his brief only two: (1) that the court erred in overruling his motion for a directed verdict; (2) that the verdict of the jury was not sustained by the evidence and was rendered as a result of passion and prejudice.

The case is a simple one and the testimony is not extensive. That for the Commonwealth was in substance that William Hutchinson, Garfield Daniel and Stella Daniel were walking down the highway from their home to another farm below their place and in doing so came up with appellant Carmel Vanhoose, his brother Ezra, his sister Earline, and Ethel Lawson, on the road. As the first group got up to the latter group, appellant started to point a shotgun toward Hutchinson when appellant's brother Ezra struggled with him to keep him from getting the gun "lined up." As Hutchinson and his group passed on down the road he heard appellant say "I will shoot that s-o-b," and appellant's sister Earline said to Hutchinson "Run, Billie, run." Hutchinson and his group passed on down the road and when they got about a hundred yards away a shot was fired from a shotgun but they could not say definitely where it came from or who fired it. The shots from the gun splattered out some fifteen feet or more from the Hutchinson group and none of them was hit. Appellant was drinking and was under the influence of liquor according to witnesses for the Commonwealth.

For the defense appellant admitted he had a shotgun with him when Hutchinson and his group passed appellant's group and said his brother Ezra also had a gun. He denied that he said anything to Hutchinson or that he threatened to kill him; denied that he shot a gun on that occasion or that he shot at Hutchinson or any of his group or in the direction they were going and denied hearing any shooting on the occasion complained of. He testified that both his gun and the gun

Ezra had were empty, that they had no shells and were expecting to buy some further down the road.

The only other witness for appellant was his sister Earline, 20 years of age, and her testimony contradicted that of appellant in some respects. She testified that she did not hear appellant say anything to Hutchinson as the latter passed but she admitted that she told Billie Hutchinson to run. She testified that appellant did not shoot in the direction Hutchinson and his party were going but admitted that he shot his gun two or three times about ten minutes after they passed but said "he shot across the road."

We think the evidence was not sufficient to take the case to the jury or to sustain its verdict. If appellant had an intention of killing Hutchinson he would not have waited until he got out of shotgun range and then fired a wild shot that hit no one. At most the case against appellant appears to have been a reckless handling of firearms or shooting on a public highway. His motion for a peremptory instruction should have been sustained. Wherefore the judgment is reversed for proceedings consistent herewith.